Filed 10/1/13  P. v. Sanchez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>IRVIN SANCHEZ,<br><br>    Defendant and Appellant. | B246893<br><br>(Los Angeles County<br>Super. Ct. No. VA118337) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Philip H. Hickok, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

An amended information, filed on August 9, 2012 and further amended by interlineation on January 14, 2013, charged Irvin Sanchez with two counts of willful, deliberate and premeditated attempted murder (Pen. Code, §§ 664, 187, subd. (a))[1] (counts 1 and 2) and one count of shooting at an occupied motor vehicle (§ 246) (count 3) and contained criminal street gang allegations pursuant to section 186.22, subdivision (b)(1)(A), (b)(1)(C) and (b)(4), and firearm use allegations under section 12022.5, subdivision (a), and 12022.53, subdivisions (b), (c) and (e)(1). Sanchez pleaded not guilty to the charges and denied the special allegations.

Before trial, Sanchez withdrew his not guilty plea and entered a no contest plea to the attempted murder in count 1, without the willful, deliberate and premeditated allegation. He also admitted attendant to count 1 a criminal street gang allegation under section 186.22, subdivision (b)(1)(A), and a firearm use allegation pursuant to section 12022.5, subdivision (a). The trial court found Sanchez guilty of attempted murder and the admitted special allegations to be true. In accordance with the terms of the plea agreement, the court sentenced Sanchez to a state prison term of 18 years, consisting of the low term of five years for the attempted murder in count 1, plus the middle term of three years for the criminal street gang allegation under section 186.22, subdivision (b)(1)(A), and the high term of 10 years for the firearm use allegation pursuant to section 12022.5, subdivision (a). On the People's motion, the court dismissed all remaining counts and special allegations.

Sanchez filed a notice of appeal, indicating that his appeal was based on the noncertificate issue of the denial of his motion to suppress pursuant to section 1538.5. (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1088 ["questions involving a search or seizure whose lawfulness was contested pursuant to section 1538.5" are noncertificate issues reviewable on appeal after a guilty or no contest plea without defendant's obtaining a certificate of probable cause].) We appointed counsel to represent Sanchez on appeal. After examining the record, counsel filed a *Wende* brief raising no issues on

---

[1] Statutory references are to the Penal Code.

appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On July 11, 2013, we directed counsel to immediately send the record on this appeal and a copy of the opening brief to Sanchez and notified Sanchez that he had 30 days to submit by letter or brief any ground of appeal, contention or argument he wished us to consider. We did not receive a response.

We have reviewed the entire record on appeal. We note that the trial court denied Sanchez's section 1538.5 motion to suppress evidence of the gun that was found in a car in which Sanchez was driving and Sanchez's statements regarding the gun, stating that "[i]n this case you have a situation where a deputy sheriff makes an observation while he's on patrol. He's got to be able to articulate specifically what caused his action there. He said he smelled the odor of marijuana. Whether it's 6 feet or 12 feet away, he said that he smelled the odor of marijuana. Pursuant to that he stops his patrol car behind the Sanchez car. He walks up there. The gun is not drawn. Lights, according to him, lights aren't on. And so he is investigating. He's making an inquiry. At that point in time it's still a consensual stop. When [Sanchez] happens to mention that [he and the passengers in his car] had been smoking weed, at that point in time it rises to more than just a consensual stop. At that point in time it authorizes the deputy to take further action. Then he has reasonable grounds to detain [Sanchez], and the other[s] . . . in the car, also. For his safety, he puts them in the back of his patrol car. He does that and calls for backup. Backup arrives, and the backup then, after being explained the reasons for the detention, has the right to go ahead and search for the contraband. And in the process of the search we found out from this deputy that it's common for contraband to be hidden in various compartments in the car. Center console included. Having that in the back of his mind, and seeing the console was offset or loose, that would also further his suspicions that there's something in there. He slides it back, sees the butt of a gun. I don't think there's any problem justifying that limited search." Given these findings, the court did not err in denying the motion to suppress. (*People v. Valenzuela* (1999) 74 Cal.App.4th 1202, 1206-1207 ["In reviewing the denial of [a motion to suppress evidence], we must view the record in the light most favorable to respondent [citation],

uphold all express and implied factual findings of the trial court that are supported by substantial evidence, then independently apply the proper federal constitutional standards to those facts [citations]".)

Based on our analysis of the record, we are satisfied that Sanchez's counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, Acting P. J.

We concur:


CHANEY, J.


JOHNSON, J.


4